# TEAMSTERS
# National Freight Industry Negotiating Committee



# MEMORANDUM

TO: David Smith, President
Trucking Management, Inc.

FROM: James A. McCall, Special Counsel
International Brotherhood of Teamsters

CC: Tyson Johnson, Co-Chairman
Teamsters National Freight Industry Negotiating Committee

DATE: June 2, 2010

RE: National Grievance Committee *Rules of Procedure*

---

As you know, at last month's National Grievance Committee ("NGC") meeting, The Teamsters National Freight Industry Negotiating Committee ("TNFINC") and Trucking Management, Inc. ("TMI") approved the NGC's *Rules of Procedure* between TMI and TNFINC for the period April 1, 2008 to March 31, 2013 of the National Master Freight Agreement.

Attached is an original of the *Rules of Procedure* executed by the Union Committee Chairman, James P. Hoffa.

Please feel free to contact me should you have any questions or concerns.

NGC Rules of Procedure

RULES OF PROCEDURE FOR THE NATIONAL GRIEVANCE
COMMITTEE ESTABLISHED PURSUANT TO ARTICLE 8
OF THE NATIONAL MASTER FREIGHT AGREEMENT
BETWEEN TMI AND THE TEAMSTERS NATIONAL FREIGHT
INDUSTRY NEGOTIATING COMMITTEE FOR
THE PERIOD APRIL 1, 2008 TO MARCH 31, 2013

ARTICLE I - PREAMBLE

These Rules of Procedure and the committees hereunder are established pursuant to the provisions of Article 8 of the National Master Freight Agreement between TMI and TNFINC, and grievance procedures contained in supplements to that National Master Freight Agreement.

ARTICLE II - NATIONAL GRIEVANCE COMMITTEE

(A) The National Grievance Committee shall have jurisdiction over:

   (1) Grievances deadlocked or questions of interpretation considered by a Regional Joint Area Committee and referred after review by the applicable Regional Joint Area Review Committee. The National Grievance Committee shall have the authority to hear discipline cases arising under Article 35, Sections 3 and 4.

   (2) Questions concerning interpretation of the provisions of the National Master Freight Agreement, as provided in Article 8, Section 2.

   (3) Review of the decision of any lower level grievance committee or regional review committee established within the Supplements where, in the opinion of the National Grievance Committee, the decision is contrary to the provisions set forth in the National Master Freight Agreement.

Page 2.

      (4)    Applications for new intermodal service, grievances or procedural disputes deadlocked and referred by the National Intermodal Committee.

      (5)    Applications for changes of operations, grievances or procedural disputes referred after deadlocked by a Regional Joint Area or Multi-Region Change of Operations Committee.

      (6)    Any other matter properly referred pursuant to the provisions of the National Master Freight Agreement or applicable supplemental agreements.

(B)    The National Grievance Committee may, by majority vote, refuse to hear cases and/or remand such cases to the forwarding committee if the evidence presented is insufficient, for failure to follow the Rules of Procedure of the various grievance committees or the contractual grievance procedures, or if remand would facilitate resolution of the case.

(C)    The National Grievance Committee shall be composed of an equal number of Employer representatives selected by the President of TMI and Union representatives selected by the Chairman of the Teamsters National Freight Industry Negotiating Committee ("TNFINC"), and alternates on each side, and shall meet on a regular basis by agreement of the Employer and Union Chairmen. Meetings may be called more frequently at the request of either Chairman. Alternates shall have a voice but no vote in deliberations of the National Grievance Committee. The President of TMI and the Chairmen of TNFINC shall each designate a permanent chairman for their respective sides. The permanent chairman so designated may appoint a designated alternate to act for and on behalf of the chairman, and such designated alternate shall, when acting for the chairman, have voting rights. The chairmanship at meetings of the National Grievance Committee shall be alternated between the Employer and Union permanent chairmen, or their designated alternates.

Page 3.

(D) All information pertinent in any case referred to the National Grievance Committee must be forwarded to the Employer and Union Chairmen or their designated alternates at least twenty (20) days prior to the National Grievance Committee hearing. This material shall include all grievance committee minutes, transcripts, records and documents related to the referred case.

(E) The Committee shall have the authority to refer matters to subcommittees for investigation and report, as directed, to the National Grievance Committee for action.

(F) The National Grievance Committee shall decide the case upon transcripts, minutes and records of the committee previously considering the case. The National Grievance Committee may, in any specific case, by majority vote, agree upon other methods and procedures by which additional evidence may be obtained.

(G) The Employer and Union Chairmen or their designated alternates shall jointly prepare the agenda of the Committee. Any dispute as to such matters shall be referred to the National Grievance Committee for settlement.

(H) Neither an Employer nor Union representative may participate as a panelist on the National Grievance Committee to decide cases involving their respective company or local union.

## ARTICLE III - NATIONAL REVIEW COMMITTEE

(A) The National Review Committee shall have jurisdiction over cases referred after deadlock by the National Grievance Committee.

(B) The National Review Committee shall not have jurisdiction over cases heard and deadlocked by the National Grievance Committee which were considered pursuant to Article 8, Section 2(a).

Page 4.

(C) The National Review Committee shall consist of the Chairman of TNFINC and the President of TMI, or their designees.

(D) The National Review Committee has authority to resolve any case referred by review of the record presented to the National Grievance Committee, by rehearing the case, or by referring the case to a subcommittee of either the Joint National Negotiating Committee or the appropriate Supplemental Negotiating Committee to negotiate a recommended resolution of the case. The Subcommittee of the Negotiating Committee to which the case was referred must report its recommendation or deadlock to the National Review Committee for resolution. The procedure for considering any case referred shall be determined on a case-by-case basis.

(E) After considering each case, if the National Review Committee is able to reach a decision in the case, the decision shall be final and binding, and shall be in writing identifying the prevailing party and contain a brief statement of the rationale for the decision.

(F) In the event the National Review Committee is unable to reach a decision in a case, the case will automatically be referred to the President of the Employer involved and the Chairman of TNFINC. In such case, the National Review Committee shall notify the President of the Employer and the Chairman of TNFINC of the referral, and shall include the date of referral and the date for final consideration by the President of the Employer and Chairman of TNFINC.

(G) Unless otherwise mutually agreed in writing, the National Review Committee shall have a period of fifteen (15) days (excluding Saturdays, Sundays and holidays) from the date of the National Grievance Committee deadlock to resolve the case.

(H) Decision of the National Review Committee shall be specifically limited to the matters submitted to it and the National Review Committee shall have no authority in any manner to amend, alter or change any provision of the National Master Freight Agreement.

Page 5.

## ARTICLE IV – REVIEW BY THE CHAIRMAN OF TNFINC AND PRESIDENT OF EMPLOYER

(A) Cases deadlocked by the National Review Committee shall be referred to the President of the Employer involved and the Chairman of TNFINC for resolution. Unless otherwise mutually agreed in writing, the President of the Employer involved and the Chairman of TNFINC shall have thirty (30) days (excluding Saturdays, Sundays and holidays) from the final day of consideration by the National Review Committee to attempt to resolve the case.

(B) Within the first fifteen (15) days from final consideration by the National Review Committee, an in-person or telephonic meeting shall be arranged between the President of the Employer and the Chairman of TNFINC to occur within the thirty (30) day period (excluding Saturdays, Sundays and holidays).

(C) Within thirty (30) days (excluding Saturdays, Sundays and holidays), the President of the Employer and the Chairman of TNFINC shall issue a joint written decision signed by both parties that provides either the agreed upon resolution of the case or a notice that the parties have deadlocked.

(D) Consideration of the case by the President of the Employer and the Chairman of TNFINC shall be limited to the matter submitted to them, and they shall have no authority in any manner to amend, alter or change any provision of the National Master Freight Agreement or any of its Supplemental Agreements.

## ARTICLE V

No Union or Employer representative shall serve in any capacity on a Committee or Panel provided for under these Rules in hearing a case in which they were directly involved, including hearing a case involving their own Local Union or Company. Subject to this restriction, a Union or Employer representative may hear a case that the representative heard as a panel member at a prior step of the grievance procedure. Additionally, this restriction shall not apply to the procedures outlined in Article IV of these Rules of Procedure.

Page 6.

## ARTICLE VI - CHANGE OF OPERATIONS

(A) Proposals for changes of operation filed under Article 8, Section 6, of the National Master Freight Agreement involving members of Local Unions which are located in more than one Regional Area, shall be filed with both the Union and Employer Chairmen or their designated alternates to the National Grievance Committee. The filing shall include a list of the Local Unions involved, together with their addresses. In addition, the Employer shall mail the proposed change of operations directly to the Local Unions listed.

(B) The Employer and Union Chairmen or their designated alternates of the National Grievance Committee shall jointly assign the proposed change of operations to one of the Regional Joint Area Change of Operations Committees, or by mutual agreement to a Special Multi-Region Change of Operations Committee. Time of filing requirements of the Area Rules of Procedure shall not apply, but in any event, reasonable notice shall be given to all parties. However, if meeting conflicts occur, the Chairmen or their designated alternates may, at their discretion, reassign or reschedule the Change.

(C) The rules of procedure of the Regional Joint Area Change of Operations Committee hearing the matter shall be followed by all parties. In the case of a Special Multi-Region Change of Operations Committee, the rules of procedure of the Regional Joint Area Change of Operations Committee in the Region where the Special Committee meets shall be followed, except as provided in Article VI of these Rules. In all cases, each affected Regional Area shall have equal Committee representation. The Employer and the Union Change of Operations Committee Chairmen shall have the right to designate the respective committee members consistent with the above. An Employer filing a change of operations may review the proposed change of operations with individual Employer and/or Union Committee members prior to the Committee hearing to assist the Committee in the determination of the seniority of the employees affected.

Jun 24 10 12:56p       David Smith/TMI                (913) 631-5151                p.8
Case 2:10-cv-02165-JLH   Document 1-7   Filed 11/01/10   Page 8 of 8

Page 7.

(D)  A record shall be made of the proceedings before the Change of Operations Committee hearing the case, and, in the event of deadlock, such transcript and records shall be forwarded directly to the Employer and Union Chairmen, or their designated alternates, of the National Grievance Committee, the latter then having jurisdiction of the matter. The transcript and records so forwarded shall be the sole basis for committee decisions unless other methods of obtaining evidence are agreed to by the National Grievance Committee. In the event of deadlock thereof, the matter is to be processed pursuant to the National Grievance Procedure of Article 8 of the National Master Freight Agreement.

(E)  Changes of Operation which involve members of Local Unions which are located solely in one Region, shall be processed pursuant to the rules of procedure of the applicable Change of Operations Committee. In the event of deadlock thereof, the matter is to be processed pursuant to the National Grievance Procedure of Article 8 of the National Master Freight Agreement.

## ARTICLE VII

These Rules of Procedure may be amended or modified by majority vote of the National Grievance Committee.

ADOPTED THIS 26th day of May, 2010.

_____        _____
James Hoffa                              David Smith
Union Committee Chairman                 Employer Committee Chairman