Littler Mendelson, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

November 18, 2010

Robert F. Millman
310.772.7206 direct
310.553.0308 main
310.553.8720 fax
rfmillman@littler.com

Judge Appointed to Hear
Case No. 2:10-cv-2165 W.D. of Arkansas

Re:   *ABF Freight Systems, Inc. v. International Brotherhood of Teamsters, et al.*
       **Case No. 2:10-CV-2165 (W.D. Ark.)**

Your Honor:

We write to respond to Nicholas H. Patton's letter addressed to the Honorable Jimm Larry Hendren on November 16, 2010, regarding case number 2:10-CV-2165 pending in the Western District of Arkansas and entitled *ABF Freight Systems, Inc. v. International Brotherhood of Teamsters, et al*. This letter was sent directly to Judge Hendren's Chambers and has not been filed of record. It is our understanding that this letter may not be forwarded to you by Judge Hendren. However, in the event that it is, we feel compelled to file a response.

In his letter to Judge Hendren, Mr. Patton requested a hearing on a motion for the expedited resolution of a motion to dismiss filed by Defendants YRC, Inc., New Penn Motor Express, Inc. and USF Holland, Inc. (collectively "YRC"). Plaintiff ABF Freight Systems, Inc. strongly opposes this request for the following reasons.

Local Rule 7.2 for the Western District of Arkansas allows Plaintiff, ABF Freight Systems, Inc., fourteen days to respond to motions such as YRC's Motion for Expedited Resolution and YRC's Motion to Dismiss. That same rule provides no express right to a reply except with respect to motions for summary judgment. In its Memorandum in Support of YRC's Motion for Expedited Resolution of Its Motion to Dismiss, YRC seeks a briefing schedule for Plaintiff to respond to YRC's Motion to Dismiss which inexplicably seeks to shortcut Plaintiff's deadline by six days while obtaining a right to reply that local Rule 7.2 does not automatically provide for. Moreover, even if YRC *did* have a right to reply, it would only have seven days in which to do so. Yet, YRC seeks nine days to file a reply to Plaintiff's response.

YRC cannot credibly claim that expedited consideration is necessary while at the same time asking the Court to: (1) permit YRC to file a reply it is not automatically entitled to file under Local Rule 7.2; (2) extend the reply deadline by two additional days and (3) reduce Plaintiff's deadline by six days. The prejudice that would befall Plaintiff is glaring. Under Local Rule

7.2, Plaintiff's deadline to respond to YRC's motions is November 30, 2010. At that time, YRC's motions would be ripe for the Court's consideration. However, YRC seeks to postpone the Court's consideration of the motion to dismiss until December 3, 2010, at the earliest.

Given YRC's blatant attempt to circumvent the Local Rules in order to shortcut Plaintiff's deadline and obtain a right to reply with an extended deadline, Plaintiff intends to file a timely response to YRC's Motion for Expedited Resolution and respectfully requests that the Court consider Plaintiff's response before ruling on YRC's motion. Plaintiff's response will provide the Court with a detailed explanation of YRC's attempt to manipulate the deadlines in a way that favors YRC and prejudices Plaintiff. In addition, Plaintiff's response will set forth other "exigent circumstances" that militate *against* expedited consideration including, but not limited to, the fact that one of the defendants in this case has filed an unopposed motion for an extension of time until December to respond to Plaintiff's Complaint and another defendant seeks discovery in this matter.

Finally, although Plaintiff does not believe a hearing on YRC's Motion for Expedited Resolution is necessary, nor conducive to the expedient disposition of YRC's motion, Plaintiff respectfully requests that any hearing on YRC's Motion for Expedited Resolution take into consideration the availability of Plaintiff's counsel to appear at the hearing.

Respectfully,


/s/ Robert F. Millman


RFM/km
cc: All counsel of record (via the Court's ECF system)