IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORTH SMITH DIVISION

| | |
|---|---|
| ABF FREIGHT SYSTEM, INC. | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 2:10CV02165   SWW |
| INTERNATIONAL BROTHERHOOD | * |
| OF TEAMSTERS, ET AL. | * |
| | * |
| Defendants | |

**ORDER**

Plaintiff ABF Freight System, Inc. ("ABF") commenced this lawsuit against YRC, Inc., New Penn Motor Express, Inc., and USF Holland, Inc. (collectively, "employer defendants"); the International Brotherhood of Teamsters; the Teamsters National Freight Industry Negotiating Committee; and a putative class of local Teamsters unions.  By letter to the Court dated November 29, 2010, the employer defendants request a hearing on their motion to dismiss for lack of subject matter jurisdiction.  The employer defendants note that briefing on the motion will be complete on December 9, 2010, and they request a hearing date between December 15 and 17, or as soon as possible.

Also before the Court is a letter dated November 30, 2010 from ABF, opposing the request for a hearing.  After careful consideration, and for reasons that follow, the Court will schedule a hearing by separate order.  Further, the Court instructs all parties that *all requests for relief  must be made by  written motion, filed with the Clerk*.  If parties wish to be heard on a matter before the Court,  they must do so in the form of a response or other appropriate filing.  In the future, the Court will not respond to letters.

ABF and the employer defendants are freight trucking companies with employees represented by local Teamsters unions.  According to the complaint allegations, ABF and the

employer defendants entered a multi-employer labor contract, the National Master Freight Agreement ("NMFA"), with local unions.  ABF alleges that the defendants entered separate agreements that amend the NMFA and provide special relief to the employer defendants, giving them an improper competitive advantage over ABF in violation of the NMFA.  By way of relief, ABF seeks appointment of a neutral third party tribunal to hear its grievances.  Alternatively, ABF seeks certification of a defendant class composed of local Teamsters unions, nullification of the aforementioned agreements, and $750 million in damages.

ABF asserts that the Court's subject matter jurisdiction is predicated on § 301(a) of the Labor Management Relations Act, which confers federal jurisdiction over suits for violation of contracts between an employer and a labor organization.  With their motion to dismiss, the employer defendants present a factual challenge to subject matter jurisdiction.  Specifically, they contend that ABF is not a party to the NMFA and therefore lacks standing to challenge amendments to the contract.  *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir.2002) (holding "if a plaintiff lacks standing, the district court has no subject matter jurisdiction").

ABF opposes a hearing at this juncture, arguing that the Court should avoid a premature judgment and address the jurisdictional issue at a "plenary trial . . . after discovery has been completed."  Docket entry #63, at 11.   The Eighth Circuit has instructed:  "If the defendant thinks the court lacks jurisdiction, the proper course is to request an evidentiary hearing on the issue.  The motion may be supported with affidavits or other documents. If necessary, the district court can hold a hearing at which witnesses may testify."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)(citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)).   Once the evidence is submitted, a district court *must* decide the jurisdictional issue.  *Id*.  In some cases the question of subject matter jurisdiction "may be so bound up with the merits that a full trial on the merits may be necessary to resolve the issue."  *Crawford*, 796 F.2d at 929.  The Court believes that a hearing will help the Court determine whether ABF has standing or whether the

2

question of standing is severable from the merits of ABF's claims.

The Court finds no basis for delaying a hearing on the motion to dismiss and will set a hearing date by separate order.

IT IS SO ORDERED THIS 2ND  DAY OF DECEMBER, 2010.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE