UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

ABF FREIGHT SYSTEM, INC.,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, TEAMSTERS NATIONAL
FREIGHT INDUSTRY NEGOTIATING
COMMITTEE, TEAMSTERS LOCAL UNION
373, TEAMSTERS LOCAL UNION 878, AS
AND FOR THEMSELVES AND AS
REPRESENTATIVES OF A CLASS OF
TEAMSTERS LOCAL UNIONS THAT ARE
PARTIES TO THE NATIONAL MASTER
FREIGHT AGREEMENT, YRC, INC., NEW
PENN MOTOR EXPRESS, INC., USF
HOLLAND, INC. and TRUCKING
MANAGEMENT, INC.,

    Defendants.

Case No. 2:10-cv-02165

DEFENDANT UNIONS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT UNIONS' MOTION TO DISMISS

SAMUEL MORRIS (TN BPR# 12506)
GODWIN, MORRIS, LAURENZI &
BLOOMFIELD, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103

MELVA HARMON (AR Bar # 76067)
111 Center St # 1200
Little Rock, AR 72201-4414

ATTORNEYS FOR DEFENDANT UNIONS


# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

   A.  Plaintiff's Complaint Does Not Satisfy Subject Matter Jurisdiction. ................... 1

      1.  The Complaint Fails to Satisfy the Jurisdictional Requirements of Section 301............. 2

      2.  The Relief Sought by ABF is Outside the Court's Jurisdiction. ...................................... 5

      3.  ABF's Claims are Preempted by the NLRA. ................................................................... 7

   B.  ABF's Complaint Fails to State a Claim Upon Which Relief May be Granted. .................. 7

II.  CONCLUSION ................................................................................................................... 8

CERTIFICATE OF SERVICE ................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456, 1473 (U.S., 2009) .................................................. 4

*Brotherhood of Railroad Trainmen v. Howard*, 343 U.S. 768 (1952) ........................................ 4

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) .................................................. 6

*Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953) ...................................................................... 4

*Granite Rock Co. v. International Broth. of Teamsters*, 130 S.Ct. 2847 (U.S. 2010) ................. 6

*Humphrey v. Moore*, 375 U.S. 335 (1964) .................................................................................. 4

*Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33 (1998) ......................................................... 4

*Steele v. Louisville & N.R. Co.*, 323 U.S. 192 (1944) ................................................................. 4

*Syres v. Oil Workers Intern. Union*, 350 U.S. 892 (1955) .......................................................... 4

*Tunstall v. Brotherhood of Locomotive Firemen & Enginemen*, 323 U.S. 210 (1944) .............. 4

*United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362 (1990) .................... 4

*United Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960) .............................................. 6

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ........................... 6

*Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903 (1967) ............................................................... 4

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989) ................................................................................................................................ 6

*Wallace Corp. v. National Labor Relations Board*, 323 U.S. 248 (1944) .................................. 4

**Rules**

12(b)(1) of the Federal Rules of Civil Procedure ..................................................................... 1, 8

Rule 12(b)(6) of the Federal Rules of Civil Procedure ......................................................... 1, 7, 8

COME NOW Defendants, International Brotherhood of Teamsters, Teamsters National Freight Industry Negotiating Committee, Teamsters Local Union 373, and Teamsters Local Union 878, for themselves and as representatives of a putative class of Teamsters local unions that are parties to the National Master Freight Agreement (hereinafter collectively referred to as "Union Defendants"), by and through undersigned counsel of record, and submit their Reply to the Plaintiff ABF's Response in Opposition to Unions' Motion to Dismiss.

## I. PRELIMINARY STATEMENT

The Plaintiff, ABF, brought this Complaint against the Defendant Unions, Defendant YRCW Companies, and Defendant TMI on November 1, 2010. Defendant Unions moved to dismiss all claims against them on November 23, 2010; and ABF filed its Response in Opposition to Defendant Unions' Motion to Dismiss on December 7, 2010. The remaining defendants also have Motions to Dismiss pending before the Court, and a hearing is set for December 16, 2010.

Plaintiff's Response attempts to refute both the Defendant Unions' grounds for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and the Defendant Unions' grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff's attempts, as the Defendant Unions will show, must fail.

## II. ARGUMENT

**A.   Plaintiff's Complaint Does Not Satisfy Subject Matter Jurisdiction.**

In Plaintiff's Response, ABF continues to assert that it has standing to bring its Complaint and that subject matter jurisdiction exists. Nothing could be further from the truth.

1

1. *The Complaint Fails to Satisfy the Jurisdictional Requirements of Section 301.*

Plaintiff argues that, because its Complaint satisfies the bare-bones basics for a Section 301 claim of an agreement between an employer and a labor organization and an alleged violation of that agreement, that subject matter jurisdiction exists. This argument completely disregards the requirement that the plaintiff be party to, or beneficiary of, the contract it asserts gives rise to jurisdiction.

The Defendant Unions adopted and incorporated by reference the well-reasoned arguments of the YRC Defendants in their Motion to Dismiss, and likewise would adopt and incorporate by reference herein the Reply of the YRC Defendants to ABF's Response to the YRC Defendants' Motion to Dismiss.

In addition, Plaintiff argues that even accepting that its contract is separate from the NMFA negotiated by the multiemployer unit of which it was not a bargaining member, its Complaint still states a claim for breach of its own agreement with Defendant Unions. This argument strains credulity. Accepting that the ABF contract adopting the terms of the NMFA is separate from the multiemployer NMFA, there is simply no possibility that an amendment to one agreement can constitute a violation of another, separate, agreement. The two are legally separate and for these purposes unrelated beyond involving the same Defendant Unions.

ABF argues that the language of its version of the NMFA "defines the covered Employer as including all associations and individual employers that are signatory to the NMFA." This language, carried over from the National Standards Agreement, can only logically be applied to the parties to each contract. For the NMFA, bargained and signed by TMI as a multiemployer bargaining group, this would include the signatories to that agreement, which ABF is not. For ABF, it would include the employing signatories to its own agreement, which is limited to ABF.

Similarly, the clause defining the bargaining unit as covering "all employers and all unions covered by the agreement" will have an entirely different scope for the NMFA than it does for ABF's separate adoption of the National Standards Agreement.

Notably, at the time of negotiation, ABF sought and obtained several separate memoranda for inclusion with its adoption of the National Standards Agreement which are not a part of the TMI NMFA. (See Declaration of James McCall, hereinafter "McCall Decl." at ¶ 5). If, as ABF now asserts, any "individual or collective agreements" outside of the National Standards Agreement NMFA language constitute a breach, such separate memoranda (which did not apply to the TMI NFMA signatories) would have been impermissible.

ABF's argument ignores the plain language of Article 6, § 2(a), which bars direct dealing with employees. That language reads as follows:

> The Employer agrees not to enter into any agreement or contract with its employees, individually or collectively, which in any way conflicts with the terms and provisions of this Agreement. Any such agreement shall be null and void.

ABF, in its Response, asserts that this clause in ABF's agreement was violated by the Unions' negotiation of an amendment **to an entirely separate agreement.** First of all, the plain language of the clause is such that it applies to the **employer**, in this case ABF, not the **union**. Second of all, it clearly refers to "with its employees." There has never been any allegation that the Defendant Unions negotiated an amendment to ABF's agreement, or an amendment which in any way affected the terms and provisions of ABF's employees employment. This clause is a restatement of black-letter law under Section 8(a)5 of the National Labor Relations Act, which bars employers from dealing directly with employees and bypassing the union.

Plaintiff trumpets that the amendment negotiated to the TMI NMFA somehow breached its agreement, and specifically, this Article 6 language. This allegation is clearly far beyond anything anticipated by the language of Article 6 and as a matter of law cannot constitute a

3

breach of ABF's Agreement. The Defendant Unions, acting to represent the bargaining units of employees at both ABF and YRC, must act in such a way as to properly and fairly represent employees in each unit separately. It cannot legally impose the terms of the YRC amendments on the ABF unit employees without their consent, without breaching its duty of fair representation.

The "duty of fair representation" is that responsibility which accompanies the authority granted the Union to represent the employees in the bargaining unit it represents and to act in their best interest in their stead:

> The undoubted broad authority of the union as exclusive bargaining agent in the negotiation and administration of a collective bargaining contract is accompanied by a responsibility of equal scope, the responsibility and duty of fair representation. *Syres v. Oil Workers Intern. Union*, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785, *reversing* 5 Cir., 223 F.2d 739; *Brotherhood of Railroad Trainmen v. Howard*, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen*, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173. 'By its selection as bargaining representative, it has become the agent of all the employees, charged with the responsibility of representing their interests fairly and impartially.' *Wallace Corp. v. National Labor Relations Board*, 323 U.S. 248, 255, 65 S.Ct. 238, 241, 89 L.Ed. 216. The exclusive agent's obligation 'to represent all members of an appropriate unit requires (it) to make an honest effort to serve the interests of all of those members, without hostility to any. * * *' and its powers are 'subject always to complete good faith and honesty of purpose in the exercise of its discretion.' *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337-338, 73 S.Ct. 681, 686, 97 L.Ed. 1048.

*Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 368 (U.S.Ky. 1964). *See also 14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456, 1473 (U.S.,2009); *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44, 119 S.Ct. 292, 300 (U.S.Wash.,1998); *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 373, 110 S.Ct. 1904, 1911 (U.S.Idaho,1990); *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909-10, 17 L.Ed.2d 842 (1967).

In acting to represent each group of employees fairly, the Defendant Unions cannot, as ABF would have it, impose conditions agreed to by one group of workers on another. The

contracts are separate, and the bargaining units are separate. ABF was unable to negotiate and secure ratification of the terms it considers favorable. In the face of this failure, it now seeks to have this Honorable Court impose those terms for it.

Therefore, ABF's Complaint must fail as to subject matter jurisdiction, as it is, in the same breath, alleging a breach of a contract it is not party to, and that its own contract was somehow breached by changes made in the terms of a contract, to which it is not a party.

2. *The Relief Sought by ABF is Outside the Court's Jurisdiction.*

ABF argues in its response that merely because there is no precedent for the federal courts to appoint a neutral arbitrator outside of ABF's agreed-upon grievance procedure, does not mean that such a remedy is unavailable in this forum. Such an argument flies in the face of some 70 years of precedent supporting deference to collectively negotiated labor agreements.

Section 301 of the NLRA grants federal courts jurisdiction over disputes arising under labor agreements. It does not, however, grant federal judges the power to change or rewrite labor agreements. Here, *the labor agreement between ABF and TNFINC does not provide for arbitration at all, under any circumstances*. Although ABF cites cases in which federal judges have directed parties to arbitrate grievances under contracts providing for arbitration, it cites none in which a federal judge has rewritten a contract to require arbitration when the contract does not provide for it.

ABF mouths that it is not attempting to bypass its agreed-upon grievance procedure. This claim is belied by ABF's actions. No sooner did ABF submit its grievance on this matter than it simultaneously filed suit; the grievance procedure was never given a chance to operate; the National Grievance Committee was never allowed the opportunity hear the grievances, and ABF apparently refuses to process its own grievance under the contractual grievance machinery,

an action which *would* warrant intervention under Section 301 to force it to do so. ABF unilaterally determined that it would be impossible for the National Grievance Committee to hear its grievance and bypassed the procedure by filing suit and asking the Court to rewrite the very contract that it now asserts was violated.

There is considerable and longstanding precedent under Section 301 that a party to a collective bargaining agreement may only be compelled by the courts to a dispute resolution process to which it has agreed. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960). The contract to which ABF agreed lays out a specific method through which all grievances are to be resolved, through the National Grievance Committee. There is no provision in the agreement for arbitration or for appointment of an outside arbitrator. As reiterated by the United States Supreme Court earlier this year,

> Arbitration is strictly "a matter of consent," *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), and thus "is a way to resolve those disputes- but only those disputes-that the parties have agreed to submit to arbitration," *First Options*, 514 U.S., at 943, 115 S.Ct. 1920  Applying this principle, our precedents hold that courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue. *Ibid*.

*Granite Rock Co. v. International Broth. of Teamsters*,130 S.Ct. 2847, 2858 (U.S. 2010). In the instant case, while the contract does include a procedure for dispute resolution, the procedure does not include arbitration; therefore, ABF's goal of compelling arbitration cannot be successful.

To put it more bluntly, ABF's claim that it is simply attempting to "enforce" the grievance procedure is disingenuous, as it abrogates the very contract that it purports to seek to

6

enforce. The parties have *not* agreed to arbitrate grievances. Short of changing the contract, there is no argument for compelling the parties to arbitrate.

    3.   *ABF's Claims are Preempted by the NLRA.*

ABF argues that its claim does not raise a representational question because there is no question of whether the Defendant Unions represent its employees. Yet its status with the multi-employer agreement is at issue.

In order for ABF to be correct in its allegations that the YRC amendments to the TMI NMFA somehow breached ABF's contract, ABF would have to be a member of the same multiemployer bargaining unit as YRC. Because ABF's claims require that it be a part of the multiemployer bargaining unit to even set the scene to succeed, and the Defendants uniformly take the position that ABF is **not** a member of the multiemployer bargaining unit, there is a key representational question that must be resolved in order to determine whether ABF's contract could be breached by the negotiation of an amendment by a member of the multiemployer unit. A determination of which employers are and are not included in the multiemployer unit is a matter for the primary jurisdiction of the NLRB, and framing the issue as a breach of contract does not excise this representation issue. It is impossible to make a determination on the contractual issue without resolving whether ABF is a member of the multiemployer group.

**B.    ABF's Complaint Fails to State a Claim Upon Which Relief May be Granted.**

ABF argues that merely alleging that it, and the Defendant Unions, are party to a contract, that the contract was breached, and that ABF was damaged as a result, is sufficient to state a claim under FRCP 12(b)6. ABF has offered only one vacuous explanation for how, given that it is not a party to the TMI NMFA, an amendment to the TMI NMFA could breach ABF's contract. That explanation refers to the language of Article 6. As discussed, *supra*, Article 6 bars

7

the **employer** from making side deals with **its employees**. Article 6 nowhere states that the **unions** involved in the contract may not negotiate any additional agreements with other employers not even party to the contract.  Of course, this whole argument assumes that the Court decides jurisdiction is not lacking.

ABF and the Defendant Unions have a valid contractual agreement. However, ABF has utterly failed to allege any action by the Defendant Unions which could, as a matter of law, constitute a breach of any commitment the Unions have made to ABF.  Moreover, any such feigned claim that the Unions have breached any contractual commitment to ABF must be submitted to the contractual grievance procedure, according to well established law. Accordingly, ABF makes no claim that withstands the 12(b)6 calculus, and its Complaint should be dismissed.

## II.  CONCLUSION

Whether viewed under a 12(b)1 or 12(b)6 standard, the Complaint filed by ABF herein does not rise to the level of substance such that it should be allowed to proceed further in this forum.  Plaintiff's remedies for the actions it complains of, if any, do not reside in this Honorable Court.  The Defendant Unions respectfully request that their Motion to Dismiss be granted.

Respectfully submitted,

 s/ Samuel Morris
SAMUEL MORRIS (TN BPR# 12506)
GODWIN, MORRIS, LAURENZI &
BLOOMFIELD, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103
Tel: 901.528.1702
Fax: 901.528.0246
Email: smorris@gmlblaw.com

MELVA HARMON (AR Bar # 76067)
111 Center St # 1200
Little Rock, AR 72201-4414
Tel: 501.372.1133
Email: melvaharmon@sbcglobal.net

ATTORNEYS FOR DEFENDANT UNIONS

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Robert Frederick Millman
Littler Mendelson PC
2049 Century Park East Suite 500
Los Angeles, CA 90067
310-772-7206
Fax: 310-553-8720
Email: rmillman@littler.com

Gerald T. Hathaway
Littler Mendelson PC
900 Third Avenue , 8th Floor
New York, NY 10022
212 583-2684
Email: ghathaway@littler.com

R. Scott Summers
Littler Mendelson, P.C.
3739 N. Steele Blvd.
Suite 300
Fayetteville, AR 72703
(479) 582-6100
Fax: (479) 582-6111
Email:vdisney@littler.com

Robert Charles Long
Littler Mendelson
21 E. State Street
Suite 1600
Columbus, OH 43215
(614) 463-4201
Fax: (614) 573-9742
Email: rlong@littler.com

Robert L. Jones, III
Amber Prince
John M. Scott
Kerri E. Kobbeman
Conner & Winters
211 East Dickson Street
Fayetteville, AR 72701
479-582-5711
Email: bjones@cwlaw.com

*ATTORNEYS FOR PLAINTIFF*

Joshua Z. Rabinovitz
John Hartman
Wendy Epstein
Kirkland & Ellis LLP
300 N. LaSalle Street, Chicago, IL 60654
Tel: 312-862-2284
Fax: 312-861-2200
joshua.rabinovitz@kirkland.com

Nicholas H. Patton
Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard
P.O. Box 5398
Texarkana, TX 75505-5398
(903) 792-7080
Fax: (903) 792-8233
Email: nickpatton@texarkanalaw.com

*ATTORNEYS FOR DEFENDANT YRC*

| | |
|---|---|
| Joel D. Johnson | Carl H. Gluek |
| Warner, Smith & Harris, PLC | Merritt Bumpass |
| P. O. Box 1626 | Attorney at Law |
| 400 Rogers Avenue | 127 Public Square |
| Fort Smith, AR 72902 | 2500 Key Center |
| 479/782-6041 | Cleveland, OH 44114 |
| Fax: 782-0841 | (216) 515-1604 |
| Email: jjohnson@warnersmith.com | Email: cgluek@frantzward.com |

*ATTORNEYS FOR DEFENDANT TMI*

and I hereby certify that there are no non-CM/ECF participants requiring service by alternate methods.

                  s/ Samuel Morris