IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORTH SMITH DIVISION

| | | |
|---|---|---|
| ABF FREIGHT SYSTEM, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 2:10CV02165   SWW |
| INTERNATIONAL BROTHERHOOD | * | |
| OF TEAMSTERS, ET AL. | * | |
| | * | |
| Defendants | | |

## ORDER REGARDING DECEMBER 16, 2010 HEARING

Plaintiff ABF Freight System, Inc. ("ABF") commenced this lawsuit against YRC, Inc., New Penn Motor Express, Inc., and USF Holland, Inc. (collectively, "YRC defendants"); the International Brotherhood of Teamsters, Teamsters National Freight Industry Negotiating Committee, and Teamsters Local Unions 373 and 878 (collectively "union defendants"); and Trucking Management, Inc. ("TMI"). ABF claim that Defendants violated a collective bargaining agreement known as the 2008-2013 National Master Freight Agreement ("NMFA").

The Court has scheduled a hearing, to begin at 10:00 a.m. on December 16, 2010, on the YRC defendants' motion to dismiss for lack of subject matter jurisdiction.  In support of their motion, the YRC Defendants contend that ABF is not a party to the NMFA and therefore lacks standing to bring this lawsuit.  The union defendants and TMI have filed separate motions to dismiss, adopting the YRC defendants' standing argument, and the union defendants assert additional arguments against finding subject matter jurisdiction and also move for dismissal for under Fed. R. Civ. P. 12(b)(6).

The Union Defendants and TMI have filed notice that they request to be heard at the

December 16 hearing regarding their respective motions to dismiss. The Court grants defendants' request but gives priorty to the issue of standing.[1] Accordingly, the Court will take up the standing issue before hearing arguments regarding additional grounds for dismissal. Additionally, because ABF bears the burden to establish subject matter jurisdiction, for which standing is a prerequisite, ABF will be heard first.

      IT IS SO ORDERED THIS 14TH  DAY OF DECEMBER, 2010.

    /s/Susan Webber Wright
    UNITED STATES DISTRICT JUDGE

---

[1] The YRC defendants requested an expedited resolution of their motion to dismiss, asserting that anything but the most expeditious resolution of their motion could substantially hamper their efforts to remain in business.